## Brandt v. Daniel

*George B. Stegenga*, for plaintiff.
*Francis H. Patrono*, for defendant.

WEINER, J., March 1, 1957.—This matter comes before the court on preliminary objections raising the question of jurisdiction of the person of William S. Daniel, administrator of the estate of Victor Joseph

Daniel, under the provisions of Pa. R. C. P. 1017(b)1. Defendant's motion to dismiss this action in trespass raises the question whether service of a complaint in trespass may be made upon an out-of-State personal representative of the estate of a deceased nonresident motorist under the provisions of the Nonresident Motorist Act of May 14, 1929, P. L. 1721, as amended, 75 PS §1201, et seq., now governed by Pa. R. C. P. 2077(a).

While only a summons has been issued in this case, we may infer from the service by the sheriff and the preliminary objections filed, that Victor Joseph Daniel, decedent, was a nonresident motorist involved in an accident while operating a motor vehicle within the Commonwealth of Pennsylvania and that following his death, William S. Daniel was appointed administrator of decedent's estate by the courts of West Virginia. The service of the summons issued in this case was apparently made under the provisions of Pa. R. C. P. 2079(a).

We are of the opinion that the objections to the service upon defendant William S. Daniel, administrator, must be sustained. The above recited Act of 1929, as amended, and Pa. R. C. P. 2077(a), authorizes service through the Secretary of Revenue of the Commonwealth of Pennsylvania upon any nonresident of this Commonwealth being the owner or operator of any motor vehicle who is involved in an accident within said Commonwealth. Such service is also made valid as to anyone having a motor vehicle operated within the Commonwealth if such vehicle becomes involved in an accident or collision. It does not authorize such service upon the personal representative of the deceased operators or owners who have their residence and authority in another State and who cannot be served within this State: Restatement of the Law of

Conflict of Laws, §512; McElroy v. George, 76 D. & C. 231; Minehart v. Shaffer, 86 Pitts. L. J. 317; Quinn v. Revoir, 3 D. & C. 2d 682, 684. See also comment of Goodrich-Amram under section 2077(a)11 of the Pennsylvania Rules of Civil Procedure.

It would have been an easy matter, had the legislature intended to include the executors or administrators or personal representatives of deceased nonresident motorists as parties on whom service may be made, to have said so in the section of the Nonresident Motorist Act making provision for service on a nonresident motorist who is alive. All the legislature would have needed to do, if it had intended to include the personal representatives of nonresident motorists or .owners, would be to add after the words "against such operator or owner of such motor vehicle" in the text of the section of the Nonresident Motorist Act above set forth in full the words "or their executors, administrators or personal representatives". They did not choose to do so, and we cannot write into the section something which the legislature did not see fit to include.

We therefore conclude that service of a complaint in trespass cannot be made upon an out-of-State personal representative of a deceased nonresident motorist under the provisions of the rules of civil procedure 2077(a) and 2079(a), nor under the provisions of the Nonresident Motorist Act of May 14, 1929, P. L. 1721, as amended, 75 PS §1201, et seq.: McElroy v. George, 76 D. & C. 231, 242.

While we are not called upon to decide the point, it may be that plaintiff may have the right to cause an ancillary administration to be raised in Pennsylvania on the estate of Victor Joseph Daniel, such that this ancillary administrator could be served with process within the county, and the order sustaining the preliminary objections will be made without prejudice to the right of plaintiff to do so. . . .